David L. Mazaroli (DM-3929)
Attorney for Plaintiffs
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
*e-mail: dlm@mazarolilaw.com*
------------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

|  |  |
|---|---|
| : | ECF CASE |
| SOL CONTROL SRL | |
| and subrogated cargo insurer; : | |
| | 07 Civ 9506 (UA) (SAS) |
| Plaintiffs, : | |
| | **COMPLAINT** |
| - against - : | |
| M/V "MSC REGINA", her engines, tackle, : | |
| boilers, etc. *in rem*; | |
| WINDROSE LINE, a division of : | |
| ROHDE & LIESENFELD GMBH & CO., | |
| HAMBURG; ROHDE & LIESENFELD, INC.; : | |
| MEDITERRANEAN SHIPPING CO. S.A.; | |
| MEDITERRANEAN SHIPPING CO. (USA) : | |
| INC.; MEDITERRANEAN SHIPPING CO. | |
| SRL; MED ROMEO SA, *in personas;;* : | |
| Defendants. : | |

------------------------------------------------------------------x

    Plaintiffs, through their undersigned attorney, allege as follows for their verified

complaint against defendants:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9 (h)

with respect to the carriage of the subject cargo by sea and matters related thereto and

falls within the Court's pendent, ancillary, and supplemental jurisdiction as to the

remaining aspects of the claim.   Plaintiffs seek recovery for cargo loss and damage

caused by defendants' breaches of contract and torts.

2.      Plaintiff SOL Control SRL is a corporation organized under the laws of a foreign sovereign and sues herein as and for the consignee, purchaser, and owner of the cargo in suit, and the holder of the subject bills of lading.  This action is also brought by, for, and on behalf of Continental Casualty Company Limited, the subrogated insurer of the cargo by virtue of its payment of the insurance claim arising from the subject shipment, as its interests may now or hereafter appear.

3.      Defendants Mediterranean Shipping Co. S.A., Mediterranean Shipping Co. (USA) Inc., Mediterranean Shipping Co. SRL; Med Romeo S.A. (collectively "MSC"), Windrose Line, and Rohde & Liesenfeld, Inc. are believed to be corporations organized under the laws of foreign sovereigns and/or certain of the fifty states and at all material times were doing business in the State of New York as common carriers, bailees, forwarders and/or warehousemen for hire.

4.      Upon information and belief the M/V "MSC REGINA" was at all material times a cargo ship engaged in the common carriage of cargo by water for hire between foreign ports and various United States ports, including the Port of New York, and is now, or will be during the pendency of this action, within the admiralty and maritime jurisdiction of this Honorable Court or otherwise subject to jurisdiction pursuant to Rule 4(k)(2) Federal Rules of Civil Procedure.

5.      This action involves nondelivery, shortage, loss and damage to a shipment of computer parts, equipment and supplies moving or intended to move in container MSCU7200650 aboard the M/V "MSC REGINA", Voyage 626R, from Miami, Florida, to Asuncion, Paraguay, by way of Paranagua, as described more fully in Mediterranean Shipping Company S.A. bill of lading MSCUTM475111 dated on or about September

20, 2006 and Windrose Line bill of lading 64100-0609000051 dated on or about September 20, 2006, and others. (Booking No.: MIA059802, Rohde & Liesenfeld Ref.: 64109 060900036)

6.    The aforesaid nondelivery, shortage, loss and damage was caused by (a) defendants' reckless failure to properly load, stow, lash, secure, carry, care for and deliver the subject cargo; (b) the unseaworthless of the carrying vessel and container; and (c) defendants' breaches of contractual and/or statutory duties with respect to the care, carriage and custody of the cargo..

7.    As a result of the aforesaid, defendants are liable to plaintiffs as common carriers, bailees, forwarders and/or warehousemen for hire for damages in the amount of $175,000.00.

8.    Plaintiffs sue on their own behalf and as agents and trustees for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

9.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 8 of this complaint.

10.    On or about September 20, 2006, as confirmed by the aforementioned bills of lading, the cargo described herein was delivered in good order and condition into the care, custody and control of defendants or entities acting on their behalf, at or near the port of Miami.

11.    Defendants failed to deliver the cargo in the same full quantity and good order and condition at the intended destination.

12.     Instead, at the time of delivery by defendants part of the shipment was in damaged condition and could not be used for intended purposes. In addition certain items were not delivered by defendants and there has been no subsequent delivery thereof.

### THIRD CAUSE OF ACTION

13.     Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 8 of this complaint.

14.     Upon information and belief the claimed shortage was caused in whole or in part by defendants' actual or constructive conversion of the missing items to their own usage.

### FOURTH CAUSE OF ACTION

15.     Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 8 of this complaint.

16.     Defendants Rohde & Liesenfeld, Inc. and Windrose Line negligently breached their duties to the shipper, consignee an owner of the cargo by failing to properly and safely issue, transmit and dispatch the transportation documents for the subject shipment and by failing to properly and safely monitor the shipment at all stages of the transportation process.

WHEREFORE, plaintiffs respectfully pray:

A.     That process in due form of law issue against the *in personam* defendants and against the M/V "MSC REGINA", *in rem,* citing them to appear and answer all and singular the aforesaid matters;

B.     That judgment be entered against the captioned *in personam* defendants and the vessel *in rem*, jointly and severally in the amount of $175,000.00 plus

prejudgment interest at the rate of 9% per annum from the date of the intended delivery of the shipments and the costs and reasonable attorneys fees incurred in the prosecution of this action;

      C.    That plaintiffs be afforded such other and further relief as warranted by justice, including an award of reasonable attorneys fees and all costs incurred in the prosecution of this action.

Dated:  New York, New York
         October 24, 2007

                          LAW OFFICES,
                          DAVID L. MAZAROLI

                          *s/David L. Mazaroli*

                          _____
                          David L. Mazaroli(DM3929)
                          Attorney for Plaintiffs
                          11 Park Place - Suite 1214
                          New York, New York 10007
                          Tel: (212) 267-8480
                          Fax: (212) 732-7352
                          E-mail: dlm@mazarolilaw.com
                          File No.: 7R-1566