S:\FILES\5243_NHA (R&L)\5243_ANSWER_TO_MAZAROLI_COMPLAINT.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English (CE9890)
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone: 212-430-0800
Telecopier: 212-430-0810
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOL CONTROL SRL,<br><br>        Plaintiff,<br><br>    - v. -<br><br>M/V "MSC REGINA", her engines, tackle, boilers, etc. *in rem*; WINDROSE LINE, a division of ROHDE & LIESENFELD GMBH & CO., HAMBURG; ROHDE & LIESENFELD, INC.; MEDITERRANEAN SHIPPING CO. S.A.; MEDITERRANEAN SHIPPING CO. (USA) INC.; MEDITERRANEAN SHIPPING CO. SRL; MED ROMEO SA, *in personas*;<br><br>        Defendants. | 07 Civ 9506 (SAS)<br><br>ANSWER TO COMPLAINT WITH CROSS-CLAIMS |

      Answering defendant, WINDROSE LINE, a division of ROHDE & LIESENFELD GMBH & CO., HAMBURG ("Windrose"), by and through its attorneys Kennedy Lillis Schmidt & English, upon information and belief, answer the allegations of plaintiff's complaint as follows:

ANSWERING THE
FIRST CAUSE OF ACTION

1. Answering defendant admits this is an admiralty claim within Rule 9(h), and except as so admitted, denies the allegations in the FIRST paragraph of the complaint.

2. Answering defendant lacks information and belief sufficient to admit or deny the allegations in the SECOND paragraph of the complaint.

3. Answering defendant admits that Windrose Line, a division of Rohde & Liesenfeld GmH & Co., Hamburg, is a corporation or other business entity organized and existing under, and by virtue of, the laws of Germany with an office for the transaction of business at Rohde & Liesenfeld Inc., 2200 N.W. 110th Avenue, Suite 301, Miami Florida 33172.

4. Answering defendant lacks information and belief sufficient to admit or deny the allegations in the FOURTH paragraph of the complaint.

5. Answering defendant admits this action involved a shipment of computer supplies in container MSCU7200650 aboard the M/V MSC REGINA from Miami, Florida to Asuncion, Paraguay as described in Mediterranean Shipping Company, S.A. bill of lading MSCUTM475111 dated September 20, 2006 and Windrose Line bill of lading 64100-0609000051 dated September 21, 2006, and except as

so admitted, denies the allegations in the FIFTH paragraph of the complaint.

6. Answering defendant denies the allegations in the SIXTH paragraph of the complaint.

7. Answering defendant denies the allegations in the SEVENTH paragraph of the complaint.

8. Answering defendant lacks information and belief sufficient to admit or deny the allegations in the EIGHTH paragraph of the complaint.

ANSWERING THE
SECOND CAUSE OF ACTION

9. Answering defendant repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraph 1 through 8 of this answer as if fully set forth at length herein.

10. Answering defendant denies the allegations in the TENTH paragraph of the complaint.

11. Answering defendant denies the allegations in the ELEVENTH paragraph of the complaint.

12. Answering defendant denies the allegations in the TWELFTH paragraph of the complaint.

ANSWERING THE
THIRD CAUSE OF ACTION

13. Answering defendant repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraph 1 through 12 of this answer as if fully set forth at length herein.

14. Answering defendant denies the allegations in the FOURTEENTH paragraph of the complaint.

ANSWERING THE
FOURTH CAUSE OF ACTION

15. Answering defendant repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraph 1 through 14 of this answer as if fully set forth at length herein.

16. Answering defendant denies the allegations in the SIXTEENTH paragraph of the complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The rights and liabilities of the parties hereto are governed by the provisions of certain statutes, codes, treaties and other applicable laws including without limitation the United States Carriage of Goods By Sea Act of 1936, which provide _inter alia_ for the limitation or exclusion of any

liability on the part of answering defendant on account of the matters stated in the complaint, and answering defendant claims the benefits of all such applicable statutes, codes and laws.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The rights and liabilities of the parties hereto are governed by the terms and conditions of a waybill or waybills, bills of lading, tariffs, timetables and other contracts of carriage and/or documents or other materials incorporated by reference into certain contracts of carriage, which provide *inter alia* for the limitation or exclusion of any liability on the part of persons including answering defendant for the matters alleged in the complaint, and answering defendant claims all defenses, rights and benefits afforded by all such contracts of carriage, documents and materials.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the plaintiffs are entitled to recover damages on account of the matters stated in the complaint, which is denied, such damages were caused wholly and solely by the negligent, intentional and/or reckless acts and/or omissions, or willful misconduct, or breach of contract, of persons other than answering defendant, who were and are not under the supervision, direction or control of answering defendant, and whose acts, omissions, breach of contract, and willful misconduct were and

are not attributable to answering defendant, with no fault or negligence of answering defendant contributing thereto.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

If the plaintiffs are entitled to recover damages on account of the matters stated in the complaint, which is denied, such damages were caused wholly and solely by the negligent and/or intentional acts and/or omissions of the plaintiffs, or their employees, servants or agents, or other persons whose acts or omissions are attributable to plaintiffs, with no fault or negligence of answering defendant contributing thereto.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If plaintiffs are entitled to recover from answering defendant by reason of matters stated in the complaint, which is denied, such recovery is limited to the actual provable amount of damage sustained, or five hundred U.S. Dollars ($500.00) per package or per customary freight unit, whichever is less.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Some or all of the plaintiffs are not the real parties in interest and are therefore not entitled to assert or maintain the claims alleged in the complaint.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Some or all of the damages alleged in the plaintiffs' complaint resulted proximately from an insufficiency in the packaging, packing or other preparation of the subject goods for ocean shipment.

AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS THE M/V *MSC REGINA*, MEDITERRANEAN SHIPPING CO. S.A.; MEDITERRANEAN SHIPPING CO. (USA) INC.; MEDITERRANEAN SHIPPING CO. SRL; MED ROMEO SA

1. If the plaintiffs are entitled to damages on account of matters alleged in the complaint, which is denied, such damages were caused in whole or in part by the negligent and/or willful acts and/or omissions and/or breaches of contractual duties of and by defendants THE M/V *MSC REGINA*, MEDITERRANEAN SHIPPING CO. S.A.; MEDITERRANEAN SHIPPING CO. (USA) INC.; MEDITERRANEAN SHIPPING CO. SRL; MED ROMEO SA, or all of them, and their employees, officers, servants, agents, or other persons or entities whose fault, negligence and/or breaches of contract are chargeable to those defendants, without any fault of Windrose contributing thereto.

2. Should answering defendant be held liable to plaintiffs, or any of them, on account of matters alleged in the complaint, defendants THE M/V *MSC REGINA*, MEDITERRANEAN SHIPPING CO. S.A.; MEDITERRANEAN SHIPPING CO. (USA) INC.; MEDITERRANEAN SHIPPING CO. SRL; MED ROMEO SA, or all of them, shall be liable to answering defendant in indemnity for all sums which answering defendant is made to pay to plaintiffs, including interest, costs, disbursements and attorneys' fees.

3. Windrose is the NVOCC (Non Vessel Owner Common Carrier) for the shipment, and should Windrose be held liable to plaintiff on account of matters alleged in the complaint, the defendants THE M/V *MSC REGINA*, MEDITERRANEAN SHIPPING CO. S.A.; MEDITERRANEAN SHIPPING CO. (USA) INC.; MEDITERRANEAN SHIPPING CO. SRL; MED ROMEO SA, or all of them, shall be liable to answering defendant in indemnity pursuant to Mediterranean Shipping Company, S.A. bill of lading MSCUTM475111 dated September 20, 2006, issued by Mediterranean Shipping Company, S.A. to the answering defendant Windrose, for all sums which answering defendant is made to pay to plaintiffs, including interest, costs, disbursements and attorneys' fees.

4. In the alternative, should Windrose be held liable to plaintiffs, or any of them, on account of matters alleged in the complaint, the defendants THE M/V *MSC REGINA*, MEDITERRANEAN SHIPPING CO. S.A.; MEDITERRANEAN SHIPPING CO. (USA) INC.; MEDITERRANEAN SHIPPING CO. SRL; MED ROMEO SA, or all of them, shall be liable to answering defendant in contribution, in accordance with each party's proportionate fault to be decided by the Court at trial, toward any amounts which answering defendant is made to pay to plaintiffs, including interest, costs and disbursements.

WHEREFORE, defendant Windrose demands judgment:

1.  Dismissing the complaint in all respects as against answering defendant, and

2.  in the alternative, should Windrose be held liable to plaintiff on account of matters alleged in the complaint, judgment on the cross-claim in favor of Windrose and against defendants THE M/V *MSC REGINA*, MEDITERRANEAN SHIPPING CO. S.A.; MEDITERRANEAN SHIPPING CO. (USA) INC.; MEDITERRANEAN SHIPPING CO. SRL; MED ROMEO SA, in indemnity for all sums which answering defendant is made to pay to plaintiffs, including interest and attorneys' fees, or

3.  in the further alternative, should Windrose be held liable to plaintiffs, or any of them, on account of matters alleged in the complaint, judgment on the cross-claim in favor of Windrose and against defendants the THE M/V *MSC REGINA*, MEDITERRANEAN SHIPPING CO. S.A.; MEDITERRANEAN SHIPPING CO. (USA) INC.; MEDITERRANEAN SHIPPING CO. SRL; MED ROMEO SA, in contribution toward any amount which answering defendant is made to pay to plaintiffs, including interest, and

4.  in any event, granting Windrose the costs and disbursements of this action, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York        KENNEDY LILLIS SCHMIDT & ENGLISH
        November 19, 2007         Attorneys for Defendant
                                  WINDROSE LINE, a division of ROHDE
                                  & LIESENFELD GMBH & CO., HAMBURG

                                  By: _____
                                      Craig S. English (CE9890)
                                      75 Maiden Lane - Suite 402
                                      New York, New York  10038-4816
                                      Telephone:  212-430-0800

TO:   LAW OFFICES OF
      DAVID L. MAZAROLI
      Attorney for Plaintiff
      11 Park Place, Suite 1214
      New York, New York 10007-2801
      Telephone:  (212) 267-8480