LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendants
MEDITERRANEAN SHIPPING COMPANY, S.A.
MEDITERRANEAN SHIPPING COMPANY (USA) INC., and
MEDITERRANEAN SHIPPING CO SRL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SOL CONTROL SRL
and subrogated cargo insurer;

            Plaintiff,

  - against -

M/V "MSC REGINA", her engines, tackle,
boilers, etc. *in rem;*
WINDROSE LINE, a division of
ROHDE & LIESENFELD GHBM & CO.,
HAMBURG; ROHDE & LIESENFELD, INC.;
MEDITERRANEAN SHIPPING CO. S.A.;
MEDITERRANEAN SHIPPING CO. (USA)
INC.; MEDITERRANEAN SHIPPING CO.
SRL; MED ROMEO SA, *In personas;*

            Defendants.
-----------------------------------------------------------------x

ECF CASE

07 Civ. 9506 (SAS)

**ANSWER TO**
**COMPLAINT**

Defendants MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC, S.A."), MEDITERRANEAN SHIPPING CO. (USA) INC. ("MSC (USA)"), MEDITERRANEAN SHIPPING CO. SRL ("MSC SRL"), (herein collectively called "MSC DEFENDANTS" or "Answering Defendants"), by their attorneys, Lyons & Flood, LLP, answering plaintiff's Complaint, allege upon information and belief as follows:

    1.    Admit that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admit that MSC, S.A. and MSC SRL are foreign corporations and admit MSC, S.A. is engaged in the business as a common carrier of merchandise by water for hire and doing business in this jurisdiction and admit MSC (USA) is doing business in this jurisdiction, but except as so specifically admitted, deny the remaining allegations contained in paragraph 3 of the Complaint.

4. Admit that the M/V MSC REGINA is a cargo ship engaged in common carriage of cargoes by water, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Answering the allegations as they pertain to the answering MSC Defendants, admit that a container numbered MSCU720065-0 was shipped aboard the MSC REGINA, Voyage 626R, from Miami, Florida to Asuncion, Paraguay pursuant to MSC, S.A.'s bill of lading MSCUM475111, dated September 20, 2006, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint

6. Deny each and every allegation contained in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

9. MSC Defendants repeat and reallege the responses in Paragraphs 1 through 8 of this Answer, as if fully set forth herein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegation contained in paragraph 12 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

13. MSC Defendants repeat and reallege the responses in Paragraphs 1 through 12 of this Answer, as if fully set forth herein.

14. Deny the allegations contained in paragraph 14 of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

15. MSC Defendants repeat and reallege the responses in Paragraphs 1 through 14 of this Answer, as if fully set forth herein.

16. The allegations set forth in paragraph 16 of the Complaint are not addressed to the MSC Defendants and therefore no answer is required; however, to the extent an answer is required, the allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

17. The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

18. Plaintiff is not the real parties in interest and is not entitled to maintain this action.

## THIRD AFFIRMATIVE DEFENSE

19. The shipments which are the subject of this suit were carried pursuant to the terms and conditions of certain bills of lading and tariffs, by which the shippers, owners, consignees, and holders of said bills of lading agreed to be bound, and was also subject to the United States Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA"), and the Answering Defendants claim the benefits of all rights, immunities, exonerations, and limitations contained therein, and in COGSA, including but not limited to, peril of the sea, Act of God, insufficiency of packaging, act of shipper, etc.

## FOURTH AFFIRMATIVE DEFENSE

20. The nature and valuation of the goods were not declared by the shippers before the shipments and inserted in the bills of lading. If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "package" or "customary freight unit," in accordance with the above quoted provisions of COGSA and MSC, S.A.'s bill of lading.

## FIFTH AFFIRMATIVE DEFENSE

21. Due diligence was exercised on behalf of the carrier to make the vessel and its appurtenances seaworthy, and to make the holds and all other parts of the ship in which the goods were carried fit and safe for the reception, carriage and preservation of such shipments. Any losses, injuries or damages alleged to have been suffered by the shipments were due to neglect, an act of omission, breach of express or implied warranties, breach of bailment or breach of contract on the part of the plaintiff, shipper, its agents, or employees, or due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of COGSA, or provisions of said bills of lading or tariff or other applicable provisions of contracts of carriage or of law.

### SIXTH AFFIRMATIVE DEFENSE

22. If any losses or damages were sustained by the shipments referred to in the Complaint, which is denied, such losses or damages were caused by or contributed to by the plaintiff or third-parties, and not by Answering Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

23. Plaintiff failed to properly and fully mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

24. This Court lacks personal jurisdiction over MEDITERRANEAN SHIPPING CO. SRL.

WHEREFORE, defendants MEDITERRANEAN SHIPPING COMPANY, S.A., MEDITERRANEAN SHIPPING COMPANY, S.A. MEDITERRANEAN SHIPPING CO. (USA) INC, and MEDITERRANEAN SHIPPING CO. SRL, respectively requests judgment dismissing the Complaint, and awarding it costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
       November 26, 2007

> LYONS & FLOOD, LLP
> Attorneys for Defendants
> MEDITERRANEAN SHIPPING COMPANY, S.A.
> MEDITERRANEAN SHIPPING COMPANY (USA) INC., and MEDITERRANEAN SHIPPING CO SRL
>
> By: _____
> Edward P. Flood (EPF-5797)
> Lyons & Flood, LLP
> 65 W 36th Street, 7th Floor
> New York, New York 10018
> (212) 594-2400

TO:   David L. Mazaroli
11 Park Place, Suite 1214
New York, NY 10007

Craig S. English
Kennedy Lillis Schmidt & English
75 Maiden Lane, Suite 402
New York, NY 10038

U:\FLOODDOC\2549106\Pleadings\MSC's Answer-SOL CONTROL.doc

## **CERTIFICATE OF SERVICE**

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for MEDITERRANEAN SHIPPING COMPANY S.A., MEDITERRANEAN SHIPPING COMPANY (USA) INC., and MEDITERRANEAN SHIPPING CO SRL, with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On November 26, 2007, I served true copies of the Answer to Complaint upon:

David L. Mazaroli
11 Park Place, Suite 1214
New York, NY 10007

Craig S. English
Kennedy Lillis Schmidt & English
75 Maiden Lane, Suite 402
New York, NY 10038

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: November 26, 2007

_____
Erika Tax

U:\FLOODDOC\2549106\Pleadings\MSC's Answer-SOL CONTROL.doc